JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On January 7, 2000, after entering a no-contest plea, defendant-appellant Rodney Carlisle was convicted of possession of cocaine and was sentenced to a three-year term of community control, with the condition that he complete a residential-treatment program at the River City Correctional Center. Carlisle subsequently refused to participate in the River City program, and the probation department filed a report alleging that he had violated the terms of his community control.
On February 8, 2000, Carlisle appeared before the trial court and entered a plea of no contest to the alleged community-control violation. The trial court found him guilty, revoked his community-control sanction, and imposed a sentence of eleven months' incarceration. This appeal followed.
In his sole assignment of error, Carlisle asserts that the trial court erred in sentencing him to "eleven months in prison on a felony 5 charge." He contends that the sentence is contrary to law.[1] We disagree.
In sentencing Carlisle to a prison term for his community-control violation, the trial court was required under R.C. 2929.15(B) to comply with the dictates of R.C. 2929.14. And, because Carlisle had not previously served a prison term, R.C.2929.14(B) required the trial court to sentence him to the shortest prison term, unless it found that such a term would "demean the seriousness of the offender's conduct" or would not "adequately protect the public from future crimes by the offender or others." Here, the trial court sentenced Carlisle to more than the minimum term of six months, but complied with R.C. 2929.14(B) in doing so by making both of the aforementioned findings. Given this and given that the record supports the trial court's findings, we reject Carlisle's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] See R.C. 2953.08(A)(4); see also, State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, unreported, stating that R.C. 2953.08(G)(1)(b), and by implication R.C. 2953.08(A)(2), are inapplicable to the review of a sentence imposed for a violation of a community-control sanction, because, according to the language of R.C. 2929.15(B), the trial court imposing such a sentence need not follow the provisions of R.C. 2929.13(B); Cf.,State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported (applying R.C. 2929.13[B] to the review of a sentence imposed for a violation of a community-control sanction).